IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RADE KRKLEC                                                                                  PLAINTIFF

v.                          Civil No. 04-6092

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                               DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Rade Krklec, appealed the denial of his application for social security disability benefits, by the Commissioner of the Social Security Administration (hereinafter "Commissioner") (Doc. #1). On May 16, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #9 & 10).

Plaintiff's attorney, Sherry D. Burnett, filed a Motion for Attorney Fees (Doc. #11-13) under the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA"*), on August 11, 2005. The Commissioner filed a response on August 22, 2005 (Doc. #14). The Court finds this matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

Plaintiff is the prevailing party in this matter. The Commissioner fails to oppose the award of a reasonable attorney's fee under the *EAJA,* the hourly rate for which compensation is sought, or to object to the number of hours for which compensation is sought (Doc. #14)*.* The

Court construes the lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood,*

*487 U.S. 552, 573 (1988)*.  The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim."  *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*.  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards from is $125.00 per hour.  See *28 U.S.C. § 2412(d)(2)(A)*.  The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  *28 U.S.C. § 2412(d)(1)(B)*.  Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.  *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney requests an award under the *EAJA* at the rate of $125.00 per hour for 11.20 hours of attorney time, which she asserts was devoted to the representation of plaintiff in this Court (Doc. #11-13).  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  *Hensley v. Eckerhart, 461 U.S. at 437.*

Plaintiff's counsel submits that she is entitled to an *EAJA* fee rate of $125.00 for 11.20 hours, as well as reimbursement for $23.76 for costs expended on behalf of Plaintiff's appeal.

AO72A
(Rev. 8/82)

The Commissioner submits that counsel's request if reasonable (Doc. #14). We agree. Further, we note the record is devoid of evidence of an alleged increased cost of living (Doc. #1-14). Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

We further note that the defendant has failed to object to the number of hours for which counsel seeks a fee award. Nonetheless, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #13).

Counsel seeks a total of 11.20 hours in attorney time. A thorough review of the itemized billing data, and the Petition for Attorney's Fees, reveals that the requested number of hours is both fair and reasonable. Accordingly, we find that counsel is entitled to compensation for 11.20 hours at the rate of $125.00 per hour, or $1,400.00, and reimbursement for $23.76 expended for costs. Thus, counsel is entitled to a total attorney's fee award of $1,423.76 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 5th day of October, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)